**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-5110**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

JESSIE SHORT,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (CR-01-561)

———————

Submitted:  December 4, 2006        Decided:  January 3, 2007

———————

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South
Carolina, for Appellant. Kevin Frank McDonald, OFFICE OF THE UNITED
STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jessie L. Short appeals the district court's order revoking his supervised release and sentencing him to twenty-four months' imprisonment. Short's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues on appeal, but raising two issues on Short's behalf. Short has filed a pro se supplemental brief raising several issues.

Counsel contends that the district court erred in using the preponderance of the evidence standard to determine whether a violation of supervised release occurred. Short adds to this argument, challenging the preponderance of the evidence standard and asserting that he should have been tried in state court first on the criminal charges underlying his supervised release violation. We reject these contentions, as the preponderance of the evidence standard was correctly applied and the supervised release violation hearing was completely separate and distinct from any state proceedings. See 18 U.S.C. §§ 3583(e)(3), 3606 (2000).

Counsel also asserts that the district court erred in sentencing Short to a twenty-four month term. Given that the term was within the applicable statutory maximum and the recommended guideline range, and because it was neither procedurally nor substantively unreasonable, we find that it was not plainly

unreasonable.  See United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006).

Short also sets forth a claim of ineffective assistance of counsel.  Because our review of the record does not conclusively demonstrate ineffective assistance of counsel, this claim may not be raised on direct appeal.  See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  Short next advances a vague challenge to the sufficiency of the evidence, stating that he was not guilty.  Our review discloses that the evidence was in fact sufficient to support the Grade A violation.  Finally, we reject Short's assertion that he should have been granted bail pending appeal.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  Accordingly, we affirm the district court's order revoking Short's supervised release and imposing a twenty-four month sentence.  This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED